1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   KATHRYN R. HAUN  (DCBN 484131)
    Assistant United States Attorneys
5
        450 Golden Gate Ave., Box 36055
6       San Francisco, California 94102
        Telephone:  (415) 436-7200
7       Fax: (415) 436-7234
        E-Mail: kathryn.haun@usdoj.gov
8

9   Attorneys for the United States of America

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,        )   No.  11 CR 624 WHA
                                     )
14          Plaintiff,               )
                                     )   UNITED STATES' SENTENCING
15              v.                   )   MEMORANDUM
                                     )
16  JOSH LEO JOHNSON,                )   Sentencing: April 3, 2012 at 2:00 pm
                                     )
17          Defendant.               )
                                     )
18  _____ )

19          Defendant Johnson stands before this Court to be sentenced on his conviction for wire

20  fraud in violation of Title 18 U.S.C. Section 1343.  There is a plea agreement in this case,

21  entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which calls for a

22  guidelines sentence but permits the parties to argue for any sentence within that range -- whether

23  low, mid, or high.  Consistent with that agreement, and consistent with the Probation Officer's

24  recommendation, the United States submits this sentencing memorandum[1] and respectfully

25  requests the Court impose a sentence of 16 months imprisonment, to be followed by a 3 year

26  _____

27          [1]The government regrets that it is filing this memorandum two days late.  Undersigned
    counsel was out of the country at the time the final PSR was released and today was the first
28  opportunity to review the final PSR.

    US v. JOHNSON
    UNITED STATES' SENTENCING MEMORANDUM

1    term of supervised release with a special expanded search condition as detailed below.

2        The government agrees with the Presentence Investigation Report ("PSR") and its

3    calculation of the adjusted offense level as 12, see PSR at ¶40.  The government disagrees,

4    however, that the criminal history category is a I, see PSR at ¶49,  and believes it is instead a

5    criminal history category II, resulting in a Guidelines range of 12 to 18 months imprisonment as

6    opposed to the PSR's calculated range of 10 to 16 months imprisonment.  Either way, the

7    government concurs with the Probation Officer's recommendation that a 16 month sentence is

8    the appropriate sentence in this matter.

9        In sentencing the defendant, this Court must consider all of the directives set forth in 18

10    U.S.C. section 3553(a).  *See United States v. Booker*, 543 U.S. 220 (2005).   The goals of Section

11    3553(a) include the need:

12   
- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

15    18 U.S.C. § 3553(a)(2).  Section 3553(a) directs the court to consider a number of additional

16    factors, including:

17   
- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6);
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

21        The United States believes that a sentence of 16 months, followed by 3 years of

22    supervised release with a special search condition, appropriately addresses all such

23    considerations.

24        The defendant is an individual who has had several run-ins with the law, having

25    sustained four prior convictions and eight arrests.  Although the convictions are not for violent

26    conduct, or even conduct that is as serious as this Court often sees, a couple of the defendant's

27    prior arrests do involve the possession of dangerous weapons, see ¶¶ 56, 57, 58.  In terms of his

convictions, the defendant has managed to have many "set aside" pursuant to California Penal Code § 1203.4.  See, e.g. PSR ¶¶ 46, 47, 48.  However, as the government noted in its objections to the draft PSR, the mere fact a conviction has been set aside under Section 1203.4 does not mean that the conviction does not count toward a defendant's criminal history.  Such convictions do ordinarily count despite having been "set aside."  This is well-established by the Ninth Circuit's decision in United States v. Hayden, 255 F.3d 768 (9th Cir. 2001), which concerned precisely the Cal. Penal Code section at issue here.  Hayden held that irrespective of whether a defendant's convictions were set aside under Cal. Penal Code Section 1203.4, they still counted for purposes of the U.S. Sentencing Guidelines and the calculation of a defendant's criminal history.  See id.  Although the final PSR addresses Hayden, and agrees with the government about its implications in this case, the PSR nonetheless scores the defendant a CHC I.  It does so by scoring both his convictions addressed in ¶ 46 and ¶ 47 "0" for criminal history points, noting that "the defendant's conduct in the instant federal offense occurred in May 2007."  See id.  If the government understands the PSR correctly, it appears to take the view that the defendant's December 1996 and January 1997 convictions (set forth in ¶¶ 46-47)  "time out" and thus do not count because the PSR's view is that the instant conduct occurred in May 2007.  See PSR Sentencing Recommendation Justification at 1-2.

The government disagrees with this for two reasons.  First, the charging documents and Plea Agreement in this case make clear that the defendant's conduct took place "from approximately 2006 to 2007."  Although the defendant signed and submitted the relevant fraudulent paperwork in May 2007, that does not alter the fact that the defendant's role in this conspiracy predates and postdates May 2007.  One does not participate in a scheme to defraud mortgage lenders and commit wire fraud on a single day in time.  Rather, the evidence in this case makes clear that the defendant's involvement in this scheme took place over a period of time.  And that period of time was "from approximately 2006 to 2007."  Second, the convictions at issue in ¶¶ 46 and 47 are both instances where the defendant's probation was revoked (on 4/14/97 for the conviction at issue in ¶ 46 and on 7/30/97 for the conviction at issue in ¶ 47) such that even if one were to select "May 2007" as the only operative date for the defendant's instant

US v. JOHNSON
UNITED STATES' SENTENCING MEMORANDUM   3

1    conduct, those would still "time in" under the 10 year period during which prior convictions

2    count toward criminal history.

3         In sum, the government believes that the convictions contained in ¶¶ 46 and 47 do count

4    toward the defendant's criminal history, do not time out, and, under the teaching of Hayden are

5    properly counted.  Even if the Court only counted one of those convictions, the defendant would

6    find himself in a CHC II.  The fact that there are two such convictions is even more reason the

7    defendant is a CHC II.  As a result, the government believes the defendant's CHC is a II and not

8    a I, and that the correct guidelines range is 12-18 months as opposed to 10-16 months.

9         The foregoing discussion is somewhat academic, however, because the government

10   agrees with the PSR's bottom line: a sentence of 16 months, which is within the guidelines range

11   regardless of whether that range is properly a 10-16 month range or a 12-18 month range.

12        The government believes a mid-range sentence of 16 months is appropriate.  On one

13   hand, the defendant's history and characteristics counsel in favor of a sentence at the mid as

14   opposed to low end of the range.  Although his convictions are fairly outdated, the chain of the

15   defendant's encounters with the law has not been broken with the passage of time:  Shortly

16   before the charges in the instant case, local prosecuting authorities charged the defendant for his

17   participation in a casino fight involving other gang members.[2]   Those charges remain

18   outstanding.  Aside from his earlier criminal history, discussed above, the defendant's

19   performance while under those respective criminal justice sentences should be taken into

20   account.  For example, he had his probation revoked multiple times, including following his theft

21   conviction, see PSR ¶ 46, and several times following his "unspecified conviction," see ¶ 47.

22        On the other hand, the government believes that a sentence at the mid as opposed to the

23   high end of the range is warranted given the defendant's role in the instant offense and the fact

24   that his criminal history is somewhat dated and non-violent.  The defendant was not the

25   instigator of the conspiracy at issue in this case, and was a minor participant (something that the

26   Plea Agreement has already rewarded the defendant for, given its awarding of points for a minor

27

28   ───────────────────────
         [2]The defendant holds a leadership position in the Hells Angels Motorcycle Club.

1   role reduction).  Apart from that, the defendant actually tried to keep up the payments on the

2   property to keep it from going into foreclosure.  The defendant was essentially a pawn whose

3   good credit was used – albeit with his consent – by others to perpetrate the mortgage fraud

4   conspiracy at issue.  These factors counsel in favor of a mid range sentence.

5         A 3 year term of supervised release is sought.  Because of the defendant's criminal

6   history, and in order to assist with his rehabilitation, the government requests that consistent with

7   the plea agreement the following special search condition be imposed as part of the defendant's

8   supervised release:

9               Special Condition (Searches)

10              The defendant shall submit his person, property, place of residence,
                vehicle, and personal effects to search at any time of the day or night,
11              with or without a warrant, with or without probable cause, and
                with or without reasonable suspicion, by a probation officer or any
12              federal, state, or local law enforcement officer.  Failure to submit to
                a search may be grounds for revocation.  The defendant shall
13              warn any residents that the premises may be subject to search.

14        For all of the reasons discussed herein and consistent with the parties' agreement, the

15   government submits an appropriate sentence is 16 months imprisonment to be followed by a 3

16   year term of supervised release with a special search condition.  The government does not

17   oppose the defendant's voluntary surrender.

18   Dated: March 29, 2012                    Respectfully submitted,

19
                                              MELINDA HAAG
20                                            United States Attorney

21                                            _____/s/_____
                                              KATHRYN R. HAUN
22                                            Assistant United States Attorney

23

24

25

26

27

28

US v. JOHNSON
UNITED STATES' SENTENCING MEMORANDUM   5